SARTAIN, Judge.
Defendant-appellant, Aetna Standard Engineering Company, brings this appeal from judgment rendered against it and in favor of plaintiff, Dibert, Bancroft & Ross Company, Ltd., for an amount alleged to be the balance due on an order of unmachined castings manufactured by Dibert for and at defendant’s request. Suit in this controversy was filed on January 9, 1975 and service was effected by certified mail, the return receipt for which appears in the record. Jurisdiction was purportedly based on R.S. 13:3201 et seq., infra. Defendant filed an exception to jurisdiction in personam which exception was overruled. The matter proceeded to trial on the merits and defendant was cast in judgment in the amount of $10,065.00 together with legal interest. We have reviewed the record and conclude that the trial judge erred in failing to maintain defendant’s exception to the jurisdiction of the court and for that reason we reverse.
The record shows that defendant is a foreign corporation organized under the laws of Delaware with its principal place of business in Ellwood City, Pennsylvania. Defendant is not licensed to do business in the State of Louisiana, does not regularly do business in the State of Louisiana, and has no agents for service of process in this state.
Plaintiff herein operates a foundry and on December 19,1973 received from defendant an inquiry for price quotations on several castings defendant needed for its supply of spare parts used on machinery it built. Plaintiff furnished quotations by return mail on January 4, 1974, wherein the price and delivery date were designated. On the basis of this quotation defendant submitted a purchase order on January 9, 1974. Upon receipt of defendant’s purchase order plaintiff submitted a letter to be executed by defendant wherein defendant agreed to accept the terms in plaintiff’s quotation form in lieu of the terms in defendant’s own purchase order. Defendant returned the letter duly executed on January 21,1974. Plaintiff received defendant’s patterns for the castings on March 12,1974 *328 and work commenced sometime thereafter. The finished castings were ultimately shipped to defendant in Pennsylvania on July 1, July 3, and July 5 of 1974.
Other than the correspondence outlined above and the shipment of the several patterns into the state, defendant’s other contacts with Louisiana appear to be several telephone calls placed after March 12, at which time delivery dates were discussed. It also appears that a representative from defendant corporation may have visited with representatives of plaintiff corporation in Louisiana on one occasion to view the physical facilities.
On the basis of these facts we cannot agree with the trial judge that defendant’s connection with Louisiana was such that defendant could be subjected to in person-am jurisdiction pursuant to R.S. 13:3201(a). R.S. 13:3201(a) states:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;
* * * ft
We feel that R.S. 13:3201(a) as currently construed by our state courts does not lend itself for application to the circumstances of the present case.
The case of Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45 (1971), held that a single business transaction within the state was not sufficient to hold an out of state purchaser subject to personal jurisdiction in Louisiana even though the value of the purchase was substantial and the purchaser hoped to profit from the transaction. The court noted that while there are considerable differences between an ordinary mail order consumer and a commercial purchaser, the jurisdictional statutes admitted of no distinction among foreign buyers. The court stated:
“Nevertheless, our statutes give us no authority (nor would we desire to exercise it) to fix a dollar value for purchases which would subject out of state purchasers to the jurisdiction of Louisiana courts. Courts must treat all alike in deciding whether their business transaction subjects them to the jurisdiction of a foreign court within the limits of ‘due process.’ Whether regular and systematic purchases in pursuit of business activities will meet the constitutional test of due process is not before us. What is before us is a single order from defendant for lumber — the only business transacted in the state by defendant, except for two previous orders placed with other companies.” 251 So.2d 45 at p. 47.
Subsequently, the court decided the case of Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Company, 283 So.2d 687 (1973). In Drilling Engineering the court found sufficient minimum contact with the State of Louisiana to subject the non-resident corporate defendant to personal jurisdiction where the business transaction was based upon a contract for services confected in Louisiana, which services were to be performed in Indonesia. The court stated that the applicability vel non of R.S. 13:3201 was an issue of fact to be determined by the circumstances of each case. Riverland, supra, was distinguished by the court therein for the reason that it involved the purchase of goods in the state. The court found significant in Drilling Engineering the fact that the business was not solicited by plaintiff, that it was in furtherance of defendant’s own business, and that the contract was in the nature of a “continuing transaction” since it was for a period of six months and there were periodic billings and updates on job progress during this time.
While we find difficult the distinction made with respect to minimum contacts which a non-resident commercial purchaser of goods has with the state as opposed to that of a non-resident commercial purchaser of services, the distinction appears to have been only recently affirmed in Kalvar Corporation v. General Micrographics, 318 *329 So.2d 71 (La.App. 4th Cir., 1975), writs refused, La., 322 So.2d 773. In Kalvar, plaintiff manufacturer sought to assert personal jurisdiction over the defendant non-resident corporation, but the court found insufficient contact with the state, defendant’s representatives came to Louisiana for several days at which time contract terms were discussed and plaintiff’s facilities inspected. The ultimate contract was signed in Georgia. When plaintiff attempted to file suit on the contract in Louisiana, the court felt compelled to follow Riverland as the last expression of the Supreme Court in this area. The Supreme Court found no error of law and writs were refused.
We find that defendant herein has had no more contact with the State of Louisiana than did the defendant in Kalvar, supra. While plaintiff argues the nature of this purchasing transaction was a special order, we find no special skills involved in this transaction which would not be involved in any other eastings of unmaehined work plaintiffs might undertake. The design as well as the patterns were furnished by defendant. Plaintiff merely cast the patterns pursuant to instruction from its existing stock of metals and shipped them.
Plaintiff further argues that defendant had additional contact with the state inasmuch as defendant agreed to accept Louisiana law as governing the transaction. In support of this condition plaintiff attached to its trial memorandum in opposition to defendant’s exception of jurisdiction what purported to be a sample quotation form sent to defendant. This sample form is found in the record and on the reverse side states that Louisiana law will govern the relationship between the parties. The trial judge used this to form his conclusion that personal jurisdiction existed in this suit. However, we have reviewed the quotation form actually sent to defendant and introduced into evidence. While the reverse of this form contains terms and provisions similar in part to that of the purported “sample,” conspicuous by its absence is the provision which plaintiffs rely upon to claim that Louisiana law was to be controlling herein.
We thus conclude that the principles of Riverland, supra, and subsequently, Kalvar, supra, govern the case at bar. The situation herein is one which involves a single purchase of unmachined castings. Pursuant to Riverland and Kalvar, a single transaction of this type, not continuing in nature, regardless of whether it be commercial or consumer, will not suffice to satisfy the concept of minimum contacts imposed in due process of law.
Accordingly, for the above and foregoing reasons, the judgment of the trial court is reversed and the same is hereby entered in favor of defendant dismissing plaintiff’s suit without prejudice. All costs are taxed against plaintiff-appellee.
REVERSED AND RENDERED.