551 So.2d 755 (1989)
BRILEY MARINE SERVICE, INC., et al
v.
Leon TOUPS, et al.
No. 88 CA 1123.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Writ Denied December 8, 1989.
*756 Leslie J. Schiff, Opelousas, for plaintiff and appellantBriley Marine Services, Inc.
Frederick R. Bott, New Orleans, for defendant and appelleeWilliam Woods.
John C. Herbert, New Orleans, for defendant and appelleeIra Hechler and Harold Geneen.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining a declinatory exception pleading the objection of lack of jurisdiction over the persons of defendants in a suit for breach of contract.

FACTS
On or about October 26, 1981, Lawrence J. Restall, on behalf of plaintiffs,[1] commenced negotiations for the sale of a fleet of offshore vessels collectively referred to as the "Briley boats" with Timothy Mills, the vice-president of finance for Delta Services Industries.
Delta Services Industries is a Louisiana joint venture formed by Delta Services, Inc., a Delaware corporation, and Granite Capital Corp., a New York corporation. Since Delta Services Industries was not a corporation, it did not have shareholders or a board of directors, but employed various individuals between October of 1981 and December of 1982. Among the employees of Delta Services Industries were Leon Toups, chief executive officer; Timothy Mills; and Lonnie Lehr, assistant vice-president. Delta Services Industries also retained the services of Houma attorney Kenneth Watkins between October of 1981 and December of 1982.
Delta Services, Inc., acting through its board of directors, assumed full authority for the management of Delta Services Industries. H.S. Geneen, Ira J. Hechler, William Woods, and Leon Toups were members of the board of directors of Delta Services, Inc. Leon Toups, president; Louis Talbot, vice-president; and Harris *757 Henry, secretary, served as the officers of Delta Services, Inc.
The negotiations for the sale of the Briley boats continued through May 19, 1982, when plaintiffs entered into a purchase agreement with BMI, Inc. BMI, Inc. was formed by Delta Services Industries for the acquisition of the Briley boats. At the time of its incorporation, BMI, Inc. was not capitalized and did not have shareholders, officers, or a board of directors. The framework of the corporation was established to be available to acquire the Briley boats upon obtaining financing. Leon Toups signed the purchase agreement on behalf of BMI, Inc. At that time, BMI, Inc. also entered into several employment contracts with individual plaintiffs.
By letter, dated November 9, 1982, Delta Services Industries notified plaintiffs that, because of declining economic conditions and financing difficulties, BMI, Inc. was unable to consummate the acquisition of the Briley boats.
On November 7, 1983, plaintiffs filed suit to rescind the contract and for damages against the following defendants:
1) BMI, INC., a Delaware corporation; which is sued in these proceedings by virtue of its having done business in Louisiana as contemplated by the provisions of LSA-R.S. 13:3201, The Long-Arm Statute;
2) DELTA SERVICE INDUSTRIES, a joint venture consisting of Granite Capital Corp. and Delta Services, Inc., domiciled in Houma, Terrebonne Parish, Louisiana;[2]
3) GRANITE CAPITAL CORP., a New York corporation qualified to do and doing business in Louisiana with principal offices in Houma, Terrebonne Parish, Louisiana;
4) DELTA SERVICES, INC., a Delaware corporation qualified to do and doing business in Louisiana with principal offices at Houma, Terrebonne Parish, Louisiana;
5) LEON TOUPS, who is domiciled in Houma, Terrebonne Parish, Louisiana;
6) HAROLD GENEEN, who is domiciled in New York, New York, and who is sued in these proceedings by virtue of his having done business in Louisiana as contemplated by the provisions of LSA-R.S. 13:3201, The Long-Arm Statute;
7) IRA J. HECHLER, who is domiciled in New York, New York, and who is sued in these proceedings by virtue of his having done business in Louisiana as contemplated by the provisions of LSA-R.S. 13:3201, The Long-Arm Statute;
8) WILLIAM WOODS, who is domiciled in Pittsburgh, Pennsylvania, and who is sued in these proceedings by virtue of his having done business in Louisiana as contemplated by the provisions of LSA-R.S. 13:3201, The Long-Arm Statute.
Plaintiffs also requested damages for breach of the various employment contracts.
Defendants Geneen, Hechler, and Woods responded to plaintiffs' petition with a declinatory exception pleading the objection of lack of jurisdiction over the person. In their exception, defendants argued that the Louisiana courts were without jurisdiction over the persons of Geneen, Hechler, and Woods because they are not residents of Louisiana, they have not transacted business in Louisiana, and they are not subject to the nonresident jurisdiction of the Louisiana courts under LSA-R.S. 13:3201 et seq.
After a hearing, the trial court rendered judgment in favor of defendants Geneen, Hechler, and Woods and against plaintiffs, sustaining defendants' exception pleading the objection of lack of jurisdiction over the person and dismissing plaintiffs' demands. From this adverse judgment, plaintiffs appeal, *758 contending that the trial court erred in sustaining the declinatory exception.

LAW
Louisiana's Long-arm Statute, LSA-R.S. 13:3201 provides as follows:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
Paragraph B, which was added by Acts, 1987, No. 418, § 1, was designed to ensure that "the long-arm process extends to the limits allowed by due process, while retaining a valuable list of specific examples of contacts sufficient to give rise to in personam jurisdiction." See Official Comment Acts 1987, No. 418.
In Petroleum Helicopters, Inc. v. AVCO Corporation, 513 So.2d 1188 (La.1987), the Louisiana Supreme Court stated:
When constitutional requirements of due process have been met ..., there is no longer a need to inquire into whether the defendant's conduct falls within the reach of the long-arm statute. Now, under the express wording of the present Louisiana Long-arm Statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive. (Footnote omitted) [513 So.2d at 1192].
The court in Petroleum Helicopters, Inc. v. AVCO Corporation, supra, further held that LSA-R.S. 13:3201 B could be applied retroactively to cases which arose prior to September 1, 1987, the effective date of Acts 1987, No. 418.
The Louisiana Supreme Court in Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985), succinctly set forth the due process requirements for jurisdiction over the person as follows:
The basic due process requirement for jurisdiction over a person is minimum contacts with the forum state. International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). An individual is not subject to the jurisdiction of a forum with which he has established no "contacts, ties or relations" International Shoe Company v. Washington, 326 U.S. at 319, 66 S.Ct. at *759 160, 90 L.Ed. at 104. The contacts with the forum state cannot be "isolated", "fortuitous", or "attenuated". There must be a substantial connection between the defendant's activities and the forum state, but physical entry into the forum state is not essential. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiff's residence is not irrelevant to the inquiry, because defendant's relationship with plaintiff may enhance defendant's contacts with the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).
A person must have fair warning that an activity may subject him to foreign jurisdiction. Burger King, supra. This allows a potential defendant some assurance as to where he will be liable to suit. World-Wide Volkswagen Corporation v. Woodson, supra [444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ]; Burger King, supra. The requirement of fair warning is satisfied when a defendant has purposefully directed his activities at a resident of the forum, and the litigation results from foreseeable injuries arising out of or relating to those activities. International Shoe, supra; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Burger King, supra.
A nonresident party to a contract consummated in the forum state is subject to the forum state's in personam jurisdiction on causes of action arising out of the transaction. McGee v. International Life Ins. Co., supra [355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) ]; Burger King, supra. Compare Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Employee status does not insulate one from jurisdiction. Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).
When minimum contacts are present, they must be balanced with other factors to determine whether personal jurisdiction affords substantial justice, is reasonable and compatible with fair play. International Shoe Company v. Washington, supra; Schaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); World-Wide Volkswagen Corporation v. Woodson, supra; Burger King, supra; Restatement (2d) of Conflict of Laws, §§ 36, 37 (1971). Factors to be evaluated include the burden on the defendant, the forum state's interest, the plaintiff's interest, the system's interest in obtaining the most efficient resolution of controversies, and the furtherance of fundamental substantive social policies. World-Wide Volkswagen Corp. v. Woodson, supra; Burger King, supra. (Footnotes omitted) [479 So.2d at 888].
Generally, the test established under the standards enunciated above requires sufficient minimum contacts of the nonresident with the forum state so as not to offend traditional notions of fair play and substantial justice, while providing a sufficient connection between the nonresident defendant and the forum state to make it fair to require defense of the action in the forum. This burden has been held to be satisfied when there has been some act [related to the cause of action] by which the nonresident defendant purposely avails himself of the privilege of conducting activities within the forum state. Cobb Industries, Inc. v. Hight, 469 So.2d 1060 (La. App. 2nd Cir.1985).
Further, jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself. However, jurisdiction over the corporation may also confer jurisdiction over the individual officers and employees where they are engaged in activities within the jurisdiction that would subject them to the coverage of the state's long-arm statute. Cobb Industries, Inc. v. Hight, supra.
In the instant case, we find that there are insufficient contacts with this state to properly assert in personam jurisdiction over Geneen, Hechler, and Woods.
Geneen and Hechler were, at all times pertinent hereto, residents of New York. Neither had ever resided in Louisiana, had a business office in Louisiana, had contracted to supply services in Louisiana, or *760 owned immovable property in the state. Both Geneen and Hechler were shareholders and members of the board of directors for Delta Services, Inc., but Geneen and Hechler were not and had not been officers of such corporation. Additionally, Geneen and Hechler did not purport to act on their own behalf in the acquisition of the Briley boats, and Timothy Mills, who negotiated with plaintiffs on behalf of Delta Service Industries, was not acting on behalf of Geneen or Hechler personally in those negotiations. Further, Geneen and Hechler had been physically present in Louisiana on one occasion, which was on October 29, 1982, for a Delta Services, Inc. board of directors' meeting.[3] Additionally, Geneen and Hechler had never been shareholders, directors, or officers of BMI, Inc.
Woods was a resident of Pennsylvania. Woods had never resided in Louisiana, maintained a business office in Louisiana, contracted to supply services in the state, or owned property in the state. Like Geneen and Hechler, Woods was a member of the board of directors of Delta Services, Inc. and had been physically present in Louisiana only as a representative of that corporation. Woods did not retain Mills to represent him personally in the acquisition of the Briley boats and did not act personally in connection with the acquisition. Further, Woods was not a shareholder, director, or officer of BMI, Inc.
The minutes of the meetings held by the board of directors of Delta Services, Inc. reveal that most of the meetings were held in New York or were held by telephone conference, with the exception of the October 29, 1982, meeting in Houma, Louisiana. The minutes for the meeting in Houma reflect that Geneen, Hechler, and Woods were physically present in Louisiana in their capacity as members of the board of directors of Delta Services, Inc.
Further, the record reveals that, in connection with the acquisition of the Briley boats, Timothy Mills acted in his capacity as a representative of Delta Services Industries. At no time did Mills purport to represent Geneen, Hechler, or Woods, personally, in any of the negotiations with plaintiffs.
Additionally, the purchase agreement was not signed personally by Geneen, Hechler, or Woods, but was executed by Leon Toups, as president, on behalf of BMI, Inc. Lawrence Restall, who negotiated the purchase agreement on behalf of plaintiffs, acknowledged that his contact with Timothy Mills was within the scope of Mills' employment with Delta Services Industries.
After carefully reviewing the entire record, we find that Geneen's, Hechler's, and Woods' contacts with Louisiana are not sufficient to satisfy due process. Their contacts with Louisiana do not amount to a course of conduct which would make them amenable to Louisiana's jurisdiction. We do not find that the quantity, quality, or nature of the contacts of Geneen, Hechler, and Woods with Louisiana make it fair and reasonable to subject them to suit in Louisiana based on the facts of this case. Such a result would subject directors of foreign corporations licensed to do business in this state to an unreasonable inconvenience and violates due process requirements of the Fourteenth Amendment to the United States Constitution absent other contacts between the nonresident corporate representative and the forum state.
Accordingly, we affirm the trial court judgment, sustaining the declinatory exception pleading the objection of lack of jurisdiction over Geneen, Hechler, and Woods and dismissing plaintiffs' claims against these defendants.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiffs are cast for costs.
AFFIRMED.
NOTES
[1] Plaintiffs are twenty-four corporations, who own the fleet of offshore vessels which was the object of the negotiations between the plaintiffs and some of the defendants, and five individuals, who had employment contracts with some of the defendants.
[2] By order, dated November 8, 1984, plaintiffs voluntarily dismissed Delta Services Industries, without prejudice. Delta Services Industries had previously filed for relief under Chapter 11 of the United States Bankruptcy Code. Plaintiffs specifically reserved all rights against the remaining defendants.
[3] Arguably, Geneen and Hechler may have been present in Louisiana on a second occasion.