630 So.2d 289 (1993)
Primo F. CADAWAS, III
v.
SKIBSAKSJESELSKAPET STORLI, BERGIN
v.
NORCLEAN INDUSTRIER, S.A.
Nos. 93-CA-663, 93-C-692.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1993.
*290 Richard J. Dodson, Baton Rouge, Gordon Hackmen, Boutte, for plaintiff Primo F. Cadawas, III.
Charles F. Lozes, Terriberry, Carroll & Yancey, New Orleans, for defendant Skibsaksjeselskapet Storli, Berlin.
G. Alex Weller, Francis J. Barry, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for defendant Norclean Industrier, S.A.
Before DUFRESNE, WICKER and GOTHARD, JJ.
DUFRESNE, Judge.
This is a maritime personal injury case filed by plaintiff Primo F. Cadawas, III, a Philippine citizen, in the 29th Judicial District Court. Plaintiff alleges that he sustained injuries on March 21, 1991, while serving as a crew member of the M/V BOW SEA. He was injured in a shipboard explosion which occurred off the East Coast of the United States while plaintiff was cleaning a cargo tank on the BOW SEA. Plaintiff was originally flown to Baltimore for treatment and then transferred to a hospital in Pennsylvania. Alleging it was the owner of the BOW SEA, Skids A/S Storli, a Norwegian corporation, instituted a Limitation of Liability proceeding in federal court in Pennsylvania.
Plaintiff's suit in the 29th JDC alleged both maritime and state law claims against defendant, Skids A/S Storli. The petition asserts a Jones Act claim, a General Maritime Law unseaworthiness claim, and a state negligence claim against the defendant, and recites that the action is filed in state court under the Savings to Suitors Clause 28 U.S.C. § 1333. Jurisdiction over defendant Skids A/S Storli was based on the seizure of the M/V BOW PRINCESS, also owned by Storli, while she was in St. Charles Parish for an onload/offload. That seizure was effected by a state writ of attachment. The vessel was released on stipulation of the parties after Storli agreed to submit to the jurisdiction of the 29th JDC.
During the pre-trial pleading period, Storli filed a third-party demand asserting a products liability claim against Norclean as the manufacturer of the cleaning equipment which allegedly caused the explosion aboard the BOW SEA. Plaintiff followed with a supplemental petition naming Norclean as a direct defendant. In response to the thirdparty demand and the supplemental petition, Norclean filed the following thirteen exceptions:
Declinatory Exceptions
Insufficient service of process
Lack of personal jurisdiction over Norclean
Lack of subject matter jurisdiction
Lis Pendens
Improper venue
Forum non conveniens
Lack of jurisdiction over Norclean due to the dissolution of the attachment forming the original basis of jurisdiction in the case.
*291 Dilatory Exceptions
Improper cumulation/improper joinder
Non-joinder of a necessary party
Vague and ambiguous claim
Peremptory Exceptions
No cause of action/no right of action
Prescription
Non-joinder of an indispensable party
The trial court heard Norclean's exceptions on April 30, 1993 and took the matter under advisement. On May 12, 1993, the court rendered a written judgment on the exceptions. That judgment, from which the present appeal is taken, provides that Norclean's exceptions of jurisdiction, service of process, venue, forum non conveniens, and improper cumulation and joinder are sustained. However, the judgment further finds that Norclean made a "general appearance" by engaging "in direct and purposeful activity within the state such that maintenance of the suit herein would not offend basic principles of due process." The judgment thus concludes that the trial court's jurisdiction over Norclean was proper. Finally, the judgment denies Norclean's exception of lack of subject matter jurisdiction.
Because of the apparent conflicting provisions of the court's judgment, Cadawas and Norclean requested clarification which was denied, as well as Cadawas' motion for rehearing and new trial. Norclean's motion for a judgment of dismissal without prejudice was also denied.
Cadawas timely filed a suspensive appeal (referred to as a "protective appeal") and Norclean filed an application for supervisory writs. Both proceedings have been consolidated here and present the same issues for our review.
The following facts are undisputed and appear in the record. Cadawas is a Philippine citizen who, prior to January 1993, had never resided in Louisiana. Since January 1993, Cadawas has been hospitalized in Baton Rouge, Louisiana for rehabilitation. Storli is a Norwegian Corporation with principal offices in Bergen, Norway. It owns and operates several chemical tank ships, including the M/V BOW SEA, on which Cadawas was serving as a bosun at the time of his accident. This accident occurred in the Atlantic Ocean while the M/V BOW SEA was en route on a voyage from Philadelphia, PA. to Wilmington, DE.
To obtain jurisdiction over Storli, Cadawas was able to "seize" another vessel, M/V BOW Princess, owned by Storli, while she was in commerce in the Mississippi River in St. Charles Parish. A lawsuit was filed in the 29th Judicial District Court alleging recovery under the Jones act, general maritime law of unseaworthiness and State negligence all pursuant to the Savings to Suitors Clause. Storli submitted to jurisdiction and venue as part of a settlement with Cadawas to release the M/V Bow Princess.
Norclean is a company organized under the laws of the Kingdom of Norway, manufacturing a vessel ejectorcleaner at its facility in Sandefjord, Norway. Norclean does not have nor did it ever have any office, property or employees in Louisiana. Norclean also alleges that it never had any shareholders, directors, managers, subsidiary, or any affiliated corporation in Louisiana.
Norclean contends that it never advertised in Louisiana nor has it targeted Louisiana for sales of its products. Norclean alleges that it has only one distributor in the United States, Power Products & Service Co., Inc., a Virginia corporation to which all of its sales in the United States are made.
Cadawas has requested this court to stay this appeal and Norclean's application for supervisory writs and remand this case to the State Court with instructions that the court clarify its judgment. Notwithstanding this request, Cadawas, argues that Norclean has sufficient jurisdictional contacts with Louisiana that we should legally sustain jurisdiction over Norclean, as its contacts satisfies the United States Fourteenth Amendment of due process.
Cadawas, alternatively contends that Norclean made a "general appearance", thereby waiving its jurisdictional exception, in the following respects by filing a Motion to Continue a hearing on its exceptions; by filing a "request for notice" prior to the exceptions hearing and engaging in pre-trial discovery.
*292 ISSUE NO. 1PERSONAL JURISDICTION
Because this case does not involve an accident within Louisiana, or a product manufactured by, distributed by, or sold by a Louisiana entity or person; or purchased or used by a Louisiana resident, Cadawas must establish sufficient continuous and systematic contacts by Norclean in Louisiana to support this court's exercise of "general" jurisdiction, as opposed to "specific" personal jurisdiction. de Reyes v. Marine Management and Consultant, Ltd., 586 So.2d 103 (La.1991). In a "general" jurisdictional case, the threshold for these contacts is higher and more substantial than required in a "specific" jurisdictional case. de Reyes, supra.
We find from the record no evidence which would establish that Norclean had purposeful contacts with Louisiana. Norclean is a company organized under the laws of Norway; its principal place of business is Norway; manufactures its products in Norway; has no business negotiations or transactions in Louisiana; has never contracted to sell its products with any Louisiana company; does not advertise nor provide channels to distribute its products in Louisiana. Consequently, Louisiana does not have personal jurisdiction over Norclean because it lacks the necessary minimum contacts with Louisiana.
Due process requires that a defendant have certain "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The contacts between the defendant and the forum must not be "isolated", "fortuitous", or "attenuated." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Rather, "a defendant, through his conduct, must have purposefully availed himself of the privilege of doing business within the forum State, thus invoking the benefits and privileges of its laws," Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), rehearing denied, 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958).
Norclean's only contact with Louisiana occurs when its products come into Louisiana via an independent distributor. Furthermore, Norclean does not benefit from the protection of Louisiana's laws. Norclean's contacts are not formed in Louisiana and their business transactions all occur outside of Louisiana; they have no general business presence in Louisiana. Accordingly, Louisiana may not exercise general personal jurisdiction over Norclean.
Further, we do not find that activities of Norclean's U.S. distributor, Power Products and Services, Inc., in Louisiana can be imputed to Norclean for jurisdictional purposes.
The law is clear that where a foreign manufacturer acts within the forum only through a distributor, the court must look to whether there is any control exercised over the distributor or dealer sufficient to attribute the acts of the dealer/distributor in the forum to the manufacturer.
Southmark Corp. v. Life Investors, Inc., 851 F.2d 763 (5th Cir.1988).

ISSUE NO. 2GENERAL JURISDICTION
In our review of the record we find no evidence to establish under law that Norclean made a general appearance. LSA C.C.P. art. 7 states under what circumstances a party makes a general appearance.
Norclean's Request for Notice does not constitute a general appearance. The First Circuit in Drago v. Home Ins. Co., 486 So.2d 940 (La.App. 1st Cir.1986) equates a request for notice to the exception in Article 7(A)(1), i.e. entry of the name of an attorney as counsel of record. We agree that a request for notice does not constitute a general appearance.
Norclean's Motion for Continuance of Exceptions was merely an extension of time within which to plead and did not constitute a general appearance.
Lastly, Norclean's Request for Discovery on Exceptions was not intended to move the case forward on the merits. It appears that LSA-C.C.P. Article 7(C) allows the pleadings of all exceptions to conduct discovery thereon without making a general appearance. (See *293 also revision comments 1983LSA-C.C.P. Article 7).

DECREE
For the above reasons, we find the trial court's decision in sustaining Norclean's exception of jurisdiction correct and accordingly, affirm.
The trial court's decision finding that Norclean had made a general appearance is reversed and vacated.
Accordingly, this suit against Norclean in all respects is dismissed without prejudice.
All costs of this appeal and writ application are to be borne equally by the parties hereto.
AFFIRMED IN PART AND REVERSED IN PART; CASE DISMISSED.