JiLINDSAY, Judge.
The plaintiff, Louisiana Plastic Converting Corporation, appeals from a trial court judgment, sustaining an exception of lack of personal jurisdiction over the defendant, Plex-ehem International, Inc. For the following reasons, we affirm.
FACTS
The defendant, Plexchem International, Inc., is a New York corporation doing business in Texas. The plaintiff, Louisiana Plastic Converting Corporation, is a Louisiana company. In February, 1993, telephone and facsimile communications between Plexchem and Louisiana Plastic resulted in an order being placed by Plexchem for goods having a value of $30,753.56. Pursuant to this order, Louisiana Plastic shipped the goods and materials to Plexchem’s office in Houston, Texas. The defendant then allegedly failed to pay for the order. On June 21, 1993, the plaintiff filed suit in Louisiana on Plexchem’s open account, and sought to obtain service of process under the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq.[1]
On October 29, 1993, Plexchem filed an exception of lack of personal jurisdiction, arguing that it is a foreign corporation which is not authorized to do and does not do business in Louisiana. Plexchem contended that the company has no agents or employees in Louisiana upon whom process could be served and also asserted that it has no movable or immovable property in Louisiana. Therefore, because the defendant has no contacts with this state, the exercise of personal jurisdiction over the company was not proper.
laA hearing was held on March 23, 1994. At the hearing it was determined that the defendant is a New York corporation that buys commodities, including materials for making plastic film, such as were purchased in the present case. The contract for the purchase of goods involved in this case was made by telephone or facsimile transmission (fax) outside Louisiana. The defendant argued that the mere fact of a purchase by telephone or fax from a Louisiana seller is not sufficient to confer jurisdiction under the Long Arm Statute.
On May 11, 1994, the trial court entered judgment in favor of the defendant, sustaining the exception of lack of personal jurisdiction and dismissing the case. In reasons for judgment, the trial court outlined the jurisprudence on personal jurisdiction. The trial court found that there were insufficient contacts with the forum state to warrant the court’s exercise of personal jurisdiction over the defendant. The court held that this transaction was a “one shot sale” with no previous business dealings between the parties. The court cited numerous cases in which our courts have held that jurisdiction is not proper where a party’s sole connection with the state is an individual sale and where the party did not travel to the state. Upon dismissal of plaintiffs case, it appealed, claiming that the trial court erred in sustaining the defendant’s exception of lack of personal jurisdiction.
PERSONAL JURISDICTION
The plaintiff sought to exercise jurisdiction over the defendant under the Louisiana Long Arm Statute, LSA-R.S. 13:3201, which provides:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising | ofrom any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
*632 (2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer’s marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
The plaintiff contends that in amending LSA-R.S. 13:3201 in 1987 to add subsection B, the legislature sought to ensure that the long arm jurisdiction of the Louisiana courts would extend to the limits allowed by due process. The plaintiff argues that under the United States Supreme Court decisions on personal jurisdiction, the relevant inquiry is on the conduct of the |4defendant and his connections with the forum state. The plaintiff asserts that the defendant’s action in contacting a Louisiana company and making a purchase of goods from that company, which then shipped the goods from Louisiana to the out of state defendant, constitutes significant contact with this state, sufficient to allow jurisdiction under the Long Arm Statute and notions of constitutional due process. We find this argument to be without merit.
The intent of the Louisiana Long Arm Statute is to extend personal jurisdiction of the Louisiana courts over non-residents consistent with the due process clause of the Fourteenth Amendment. Mayo v. Tillman Aero, Inc., 93-00467 (La.App. 3rd Cir. 2/16/94), 640 So.2d 314; Courtesy Ford Inc. v. Weatherly, 485 So.2d 93 (La.App. 2d Cir.1986); Superior Supply Company v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987).
Due process requires that, in order to subject a nonresident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Cohen v. Cohen, 94-0381 (La.App. 4th Cir. 4/14/94), 635 So.2d 1293; Cadawas v. Skibsaksjeselskapet Storli, Bergin, 630 So.2d 289 (La.App. 5th Cir.1993); J. Wilton Jones Company v. Touche Ross & Company, 556 So.2d 67 (La.App. 4th Cir.1989); Ford v. Calo, 602 So.2d 787 (La.App. 4th Cir.1992); Mayo v. Tillman Aero, Inc., supra.
Whether a particular defendant has sufficient minimum contacts with the state is to be determined from the facts and circumstances peculiar to each case. It is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum and thereby invokes the benefits and protection of the state’s laws. Choy v. Gatlin, 527 So.2d 442 (La.App. 5th Cir.1988); Cohen v. Cohen, supra.
When minimum contacts are present, they must be balanced with other factors to *633 determine whether the personal jurisdiction affords substantial justice and is reasonable and compatible with fair play. Factors to be evaluated include the burden on the defendant, the forum state’s interest, the plaintiffs interest in obtaining relief, the interest of the interstate judicial system in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. Briley Marine Service, Inc. v. Toups, 551 So.2d 755 (La.App. 1st Cir.1989), writ denied 553 So.2d 476 (La.1989); Asahi Metal Industry Company v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Abshire v. State, Through Department of Insurance, 93-923 (La.App. 3rd Cir. 4/6/94) 636 So.2d 627, writ denied 94-1213 (La. 6/24/94), 640 So.2d 1332.
The burden of showing minimum contacts for personal jurisdiction lies with the party claiming jurisdiction to be proper. Cohen v. Cohen, su/pra. | f,Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the opposing party to prove that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103 (La.1991); Mayo v. Tillman Aero, Inc., supra.
The weight of contacts depends on the nature and intensity of the defendant’s ties, contacts or relationships with the forum. The weight of the evidence of unfairness is mainly comprised of the gravity of the inconvenience or burden the defendant would sustain by defending the suit in the forum, minus the weight of the interest of the plaintiff in the forum state in having the suit litigated in that forum, de Reyes v. Marine Management and Consulting, Ltd., supra.
When a nonresident, who has purposely established contacts and relationships with the forum state, contests the assertion of personal jurisdiction, the court must analyze the quality and nature of the contacts, the relationship among the defendant, the forum and the litigation, and the evidence presented by the nonresident of facts militating against the exercise of jurisdiction. The court must then determine whether the exercise of jurisdiction is reasonable. Superior Supply Company v. Associated Pipe and Supply Company, 515 So.2d 790 (La.1987).
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful 17contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or are related to those activities, de Reyes v. Marine Management and Consulting, Ltd., supra.
Where the defendant has deliberately engaged in significant activities within a state or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there and, because his acts are shielded by the benefits and protection of the forum’s laws, it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well, de Reyes v. Marine Management and Consulting, Ltd., supra. The contacts between the defendant and the forum must not be isolated, fortuitous or attenuated. Cadawas v. Skibsaksjeselskapet Storli, Bergin, supra.
There must be a substantial connection between the defendant’s activities and the forum state, but physical entry into the forum state is not essential. Briley Marine Service, Inc. v. Toups, supra.
Out of State Purchasers
In evaluating the appropriateness of exercising personal jurisdiction over nonresident defendants, our state has recognized a distinction in the nature of the relationship between out of state buyers and out of state sellers. In Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45 (1971), the Louisiana plaintiff sold lumber to an out of state company which failed to make payment. The plaintiff sued the defendant in Louisiana, seeking to invoke personal jurisdiction under the Long *634 Arm Statute. Thejscourt refused to exercise jurisdiction over the out of state buyer. The court noted that no court in any other state subjects nonresidents to the jurisdiction of its courts where the cause of action arises from an isolated purchase of goods by the nonresident. The court weighed the issue of whether there should be a distinction between foreign purchasers and foreign sellers with respect to the due process clause. The court found that there was nothing in the law of any state to justify a belief on the part of a mail order purchaser that he might be sued a thousand miles from home if he fails to pay, with or without cause, for an isolated purchase in a foreign state. The court in River-land stated that such differences between interstate purchasers and sellers support the conclusion that it would offend traditional notions of fair play and substantial justice to allow a foreign state to subject an out of state purchaser to its jurisdiction.
In Kalvar v. General Micrographics, 318 So.2d 71 (La.App. 4th Cir.1975), writ denied 322 So.2d 773 (La.1975), a representative of the defendant company, which did business in Georgia, traveled to Louisiana to inspect the plaintiffs manufacturing facilities. The defendant later purchased goods from the plaintiff over the telephone. The plaintiff then sought to sue the defendant, in Louisiana, to enforce the agreement. The court found that under Riverland, there were not sufficient minimum contacts to exercise personal jurisdiction over the nonresident defendant.
In Dibert, Bancroft and Ross Co. v. Aetnar-Standard Engineering Co., 336 So.2d 327 (La.App. 1st Cir.1976), the plaintiff sued the nonresident defendant for the amount due for goods purchased by the defendant. The |9facts showed that a representative of the defendant company may have come to Louisiana in connection with this transaction and a series of phone calls were made to Louisiana regarding delivery dates of goods. The court in that case applied Riverland to hold that a single purchase of goods by an out of state company is not sufficient to confer jurisdiction under the Long Arm Statute.
March Chemical Co., Inc. v. White Cross Laboratories, Inc., 339 So.2d 398 (La.App. 1st Cir.1976), writ denied 341 So.2d 895 (La. 1977) dealt with a factual situation similar to that in the present case. In March Chemical, the plaintiff filed suit against the defendant, a New York corporation, not licensed to do business in Louisiana and with no agent for service of process in this state. The defendant bought chemicals from the plaintiff after various telephone and written communications. The goods were shipped to New York from Louisiana. The court found that Riverland was still applicable and, because the defendant lacked sufficient minimum contacts with this state, the exercise of personal jurisdiction over it by the courts of this state was not proper.
Also factually similar to the present case is Choy v. Gatlin, 527 So.2d 442 (La.App. 5th Cir.1988). In that case, the plaintiff, a resident of Hawaii, received an order for exercise clothes from the defendant, a Louisiana entrepreneur. The merchandise was shipped to this state and the defendant failed to make payment. The plaintiff obtained a judgment against the defendant in a court in Hawaii and then sought to make the judgment exec-utory in Louisiana. The defendant claimed that the Hawaiian court lacked personal jur-isdic|tionio to enter judgment. The Louisiana court found that the defendant did not have sufficient minimum contacts with the state of Hawaii for that state’s court to exercise personal jurisdiction. Therefore the Louisiana court refused to recognize the foreign judgment or make it executory. See and compare E & L Lumber Company, Inc. v. Ashy Enterprises, Inc., 594 So.2d 948 (La.App. 3d Cir.1992).
In Briley Marine Service Inc. v. Toups, 551 So.2d 755 (La.App. 1st Cir.1989), writ denied 553 So.2d 476 (La.1989), the plaintiff, a Louisiana resident wanted to sell a fleet of boats. The nonresident defendant entered into an agreement to buy the boats, but was unable to complete the sale. The plaintiff filed suit to rescind the contract and for damages. The court held that there were not sufficient contacts with this state for the exercise of personal jurisdiction, particularly over the directors of the foreign corporation.
However, in Sears, Roebuck, and Co. v. Ballard, 517 So.2d 233 (La.App. 1st Cir. *635 1987), the court exercised jurisdiction over an out of state purchaser where there were sufficient minimum contacts with Louisiana to allow the exercise of personal jurisdiction. In that case, the defendant had been a resident of this state and charged heavily to his account with Seai-s while living here. He then failed to make payment. The defendant moved to Texas. The plaintiff filed suit in this state to recover the amounts due. The defendant argued that personal jurisdiction was not proper under the Long Arm Statute, citing Riverland and arguing that because he made purchases in this state, that was not sufficient to confer jurisdiction. The court noted that in contrast to Riverland, the defendant incurred the debt while a resident of luLouisiana and found that his numerous credit purchases while a resident of this state established sufficient contacts with this state.
Out of State Sellers
In cases involving the sale of goods by an out of state company to Louisiana residents, jurisdiction in Louisiana is exercised if there are sufficient minimum contacts. In Superior Supply Company v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987), the plaintiff, with a principal place of business in Louisiana, bought steel casing from a Colorado corporation with no ties to this state. The plaintiff then resold the casing to another company in Texas. The casing was delivered to Texas and the plaintiff was informed that it was defective. The plaintiff refunded the money to the Texas company and then filed a suit in redhibition in Louisiana against the Colorado corporation. The defendant admitted doing business in Louisiana with previous transactions with buyers in this state, but argued that this sale was negotiated by telephone and the pipe was delivered directly to Texas and never entered Louisiana. The court found that the defendant sent employees to Louisiana to solicit sales and purposefully directed its business activities toward this state, therefore, the exercise of personal jurisdiction over the defendant in Louisiana was proper.
In Babcock and Wilcox v. Babcock Mexico, 597 So.2d 110 (La.App. 4th Cir.1992), writ denied 600 So.2d 679 (La.1992), the Louisiana plaintiff entered into a letter of intent with the defendant, a Mexican corporation, to buy several of its subsidiaries. The defendant breached the agreement and sold to another company. The plaintiff filed suit in Louisiana. In this case the l^court found that meetings and negotiations in New Orleans, leading to the agreement, provided sufficient minimum contacts for exercise of personal jurisdiction over the defendant.
However, even in situations involving an out of state seller of goods, personal jurisdiction will not be exercised in this state unless minimum contacts are present sufficient to satisfy due process.
In J. Wilton Jones Co. v. Touche Ross & Co., 556 So.2d 67 (La.App. 4th Cir.1989), a computer company in Louisiana ordered software over the telephone from the out of state defendant. The computer company then sold the software to the plaintiff in Louisiana. The plaintiff claimed that the software was defective and damaged his computer system. The plaintiff filed suit for damages in Louisiana, naming several defendants, including the out of state supplier of the software. The out of state defendant claimed insufficient contacts for the exercise of personal jurisdiction by the courts of this state. The court found that there were not sufficient contacts between the out of state defendant and Louisiana where the computer company which sold the software to the plaintiff, merely telephoned the defendant in another state and purchased the goods over the phone.
In Langley v. Oxford Chemicals, 25,596 (La.App. 2d Cir. 3/30/94) 634 So.2d 950, Package Supply, a South Carolina Company, furnished child resistant bottle closures to Oxford Chemicals, a Louisiana company manufacturing drain cleaner. Package Supply did not operate in Louisiana, but Oxford had its principal place of business in New Orleans. The plaintiffs, the parents of injured children, filed suit in Louisiana against Package Supply for | ^damages which were allegedly sustained when the children spilled drain cleaner from a bottle which they opened due to an allegedly defective bottle closure furnished by Package Supply. The court found that there were not sufficient contacts between Package Supply and Louisiana to warrant the exercise of personal jurisdiction. The defendant was not a Loui *636 siana corporation, did not have a principal place of business here, had no agent or office here, had no sales people soliciting business in this state, and did not advertise in Louisiana.
DISCUSSION
In the instant case, the plaintiff argues that the cases dealing with interstate buyers and sellers, relied upon by the defendant and the trial court, are no longer applicable because they were decided before the revision of the Long Arm Statute. We disagree. We find that the efficacy of those decisions has not been changed by the amendment. However, even though the facts of this case are somewhat similar to those discussed above, dealing with out of state purchasers, the facts of the present case have been evaluated strictly according to the requirements of due process.
Based upon due process considerations, we find that there were not sufficient contacts between the defendant and this state to justify the exercise of personal jurisdiction. The defendant has no place of business in this state, is not a Louisiana corporation, does not have agents or employees in this state, does not have movable or immovable property in Louisiana and no one traveled to this state to negotiate the sale which is the subject of this dispute. Further, the defendant and the plaintiff did not have a continuing business | ^relationship. As found by the trial court, this was a one time sale from the Louisiana supplier to the defendant nonresident purchaser.
Under these circumstances, we find that the trial court correctly sustained the defendant’s exception of lack of personal jurisdiction. Accordingly, that judgment is affirmed at the plaintiffs costs.
CONCLUSION
For the reasons stated above, the judgment of the trial court sustaining the exception of lack of personal jurisdiction over the defendant is affirmed at the plaintiffs costs.
AFFIRMED.

. The record in this case does not set forth in detail the facts of the transaction at issue. The facts do not seem to be greatly in dispute and are largely gleaned from the pleadings.