709 So.2d 263 (1998)
Angelina CANTUBA, et al.
v.
AMERICAN BUREAU OF SHIPPING and Mitsubishi Heavy Industries, Ltd., et al.
No. 97-C-2882.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1998.
*264 David L. Carrigee, James O.M. Womack, Rebecca F. Penniman, Burke & Mayer, New Orleans, for Respondent The American Bureau of Shipping.
I. Matthew Williamson, W. Sean O'Neil, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, for Relator Iron Ore Company of Canada.
C. Gordon Starling, Jr., Gelpi, Sullivan, Carrol & Gibbens, New Orleans, for Defendant/Appellee Weathernews, Inc.
Robert S. Reich, Reich, Meeks & Treadaway, L.L.C., Metairie, for Defendants/Appellees Nevi Maritime Co. and George F. Gyftakis.
Before ARMSTRONG, PLOTKIN and WALTZER, JJ.
ARMSTRONG, Judge.
Relator Iron Ore Company ("IOCC") seeks review of the trial court's denial of its Declinatory Exception of Lack of In Personam Jurisdiction. For the reasons that follow, we grant relator's application for supervisory writs, reverse the judgment of the trial court, and grant relator's exception.

*265 STATEMENT OF THE CASE

On January 1, 1994, the M/V MARIKA, a Panamanian vessel, sank about 1,000 nautical miles east of Newfoundland during a voyage from Sept Isles, Quebec to Ijmuiden, Netherlands. The crew of thirty-six Greek and Filipino seamen were lost. Wrongful death actions were instituted on October 31, 1994 against the American Bureau of Shipping ("ABS"), the vessel's classification society, and Mitsubishi Heavy Industries, Ltd., the builder of the vessel. ABS filed a third party demand against IOCC as the shipping and loading stevedore of the cargo. IOCC filed the Declinatory Exception of Lack of in Personam Jurisdiction. The trial court denied IOCC's exception and this application for supervisory writs followed.

DISCUSSION
Relator argues that the trial judge improperly denied its Exception of Lack of In Personam Jurisdiction because the necessary minimum contacts with Louisiana are missing.
Due process requires that in order to subject a non-resident defendant to a personal judgment, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Management & Consulting, Ltd., 586 So.2d 103, 105 (La.1991). The minimum contacts between the non-resident defendant and the state must be based on some act by the defendant through which he purposely avails himself of the privilege of conducting activities within the state and thereby invokes the benefits and protections of the state's law. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This requirement ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. de Reyes, 586 So.2d at 106; Boatwright v. Metropolitan Life Insurance Co., 95-1822 (La.App. 4th Cir. 9/28/95), 661 So.2d 169. Due process does not permit personal jurisdiction over a defendant with which the state has no contacts, ties or relations. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Both the United States Supreme Court and the Louisiana State Supreme Court have recognized the distinction between "general" and "specific" jurisdiction. When a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. But when a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising "general jurisdiction" over the defendant. de Reyes, 586 So.2d at 105, citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or related to those activities. de Reyes, 586 So.2d at 106.
When the cause of action does not arise out of the defendant's purposeful contacts with the forum, due process requires that the defendant engage in continuous and systematic conduct to support the exercise of general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In a general jurisdictional case, the threshold for these contacts is higher and more substantial than required in a specific jurisdictional case. Cadawas v. Skibsaksjeselskapet Storli, Bergin, 630 So.2d 289, 290 (La.App. 5th Cir.1993).
Relator is a non-resident corporation, in the business of mining and processing iron ore, organized and existing under the laws of the State of Delaware, with its principal *266 place of business in Canada. Relator has never been licensed to conduct business in the State of Louisiana and has never held itself out as doing business in Louisiana. Relator has no authorized agent for service of process in the State of Louisiana. Relator does not maintain any offices, operate any facilities or mines, or own any real property located in the State of Louisiana, and no company records are located there. Relator does not maintain bank accounts in Louisiana or have any established banking relationship with any Louisiana bank. Relator has neither paid nor been required to pay any taxes in the State of Louisiana. Relator does not solicit business directed to the Louisiana market and does not have a telephone listing, business listing, or mailing address in Louisiana. Relator does not sell iron ore to any customers in Louisiana. Relator has no officers, directors or employees working or residing in Louisiana and none of its officers, directors or employees travel to Louisiana on business. Relator does not benefit from the protection of Louisiana's laws. All of its business transactions occur outside of Louisiana. Other than the instant matter, relator has never been a party to any litigation in the State of Louisiana. Relator does not advertise in the State of Louisiana. Relator has not entered into any agreements or contracts with any party in Louisiana. Relator has never received financial payments from Louisiana and has only retained legal counsel in Louisiana to defend this matter. Relator has not handled any cargoes out of or through any port in the State of Louisiana. Relator has not entered into any agreement with any vessels which use any waterway in the State of Louisiana nor has it purchased any fuel or vessel supplies or contracted for any stevedoring services within Louisiana.
ABS argues in its opposition to this writ that relator's retention of M.A. Hanna Company as a managing agent constitutes minimum contacts with the State of Louisiana. Hanna was licensed to conduct business as a foreign corporation within Louisiana from January 20, 1988 until December 15, 1993. However, the only business which Hanna transacted in Louisiana related to real estate interests which Hanna held on its own account and not on behalf of relator. These transactions did not relate in any way to Hanna's activities as manager of relator's Canadian operations. Hanna did not transact any business either within or directed to the State of Louisiana on behalf of relator. Hanna was retained by relator to supervise the management of relator's Canadian operations. Hanna and relator are separate and distinct corporate entities. Hanna's contacts with Louisiana cannot be imputed to relator. Hanna withdrew from conducting business in Louisiana on December 15, 1993, before the MARIKA sank. Thus, at the time of the accident, relator did not have any contacts with the State of Louisiana.

CONCLUSION
Based on the foregoing reasons, Louisiana does not have personal jurisdiction over relator because it lacks the necessary minimum contacts. Accordingly, we grant relator's application for supervisory writs, reverse the judgment of the trial court, and grant relator's Declinatory Exception of Lack of In Personam Jurisdiction.
SUPERVISORY WRITS REVIEW GRANTED. JUDGMENT OF THE TRIAL COURT REVERSED. RELATOR'S EXCEPTION GRANTED.