634 So.2d 950 (1994)
Terri LANGLEY, et al., Plaintiffs-Appellants,
v.
OXFORD CHEMICALS, INC., et al., Defendants-Appellees.
No. 25596-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
Iverson, Amman & Wood by B.G. Iverson, Monroe, for appellants.
Hayes, Harkey, Smith, Cascio & Mullens by Thomas M. Hayes, III, Monroe, for appellee, Van Blarcom Enclosures, Inc.
Hudson, Potts & Bernstein by Brady D. King, II, Monroe, for appellee, Package Supply and Equipment.
Hulse, Nelson & Wanek by Gwendolyn Hebert, New Orleans, for appellee, Oxford Chemicals, Inc.
Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, for appellee, Inmark, Inc.
*951 Before SEXTON, WILLIAMS and PRICE (ad hoc), JJ.
WILLIAMS, Judge.
Plaintiffs appeal a trial court's judgment dismissing their suit against the defendant Package Supply & Equipment Co. (Package Supply) on an exception of lack of personal jurisdiction. We affirm.

FACTS
The defendant, Package Supply is a South Carolina corporation, with its principal place of business in South Carolina. Package Supply has sales offices in Charlotte, North Carolina; Cincinnati, Ohio; Nashville, Tennessee; and Atlanta, Georgia. It has salespersons located in Orlando, Florida and near Raleigh-Durham, North Carolina.
Package Supply is one of the distributors of packaging equipment, including child-resistant bottle closures, to Oxford Chemicals, Inc. (Oxford), the manufacturer of Clear-Line Drain Cleaner.[1] Oxford is a Delaware corporation, licensed to do business in this state, with its principal place of business in Orleans Parish. In the mid 1980's, Package Supply delivered at least 800,000 bottle caps manufactured by Van Blarcom Closures, Inc. (Van Blarcom) to Oxford at Oxford's facility in Atlanta, Georgia.
On June 24, 1986, LaDonna Marie Frith, a four-year-old child residing in West Monroe, Louisiana, was severely injured when she and another child allegedly opened a bottle of Oxford's sulfuric acid and spilled it on several parts of her body.
Plaintiffs sued several defendants including Oxford, Package Supply, InMark, Inc., a Georgia corporation that also supplied bottle caps[2] to Oxford, and Van Blarcom, the manufacturer of the bottle cap.
On September 18, 1992, Package Supply filed a declinatory exception of lack of personal jurisdiction. The trial court sustained the defendant's exception and dismissed the suit against Package Supply.[3] Plaintiffs appeal.

DISCUSSION
The sole issue presented for our resolution is whether the Louisiana court has jurisdiction over the defendant, Package Supply.
Plaintiffs contend the trial court can exercise personal jurisdiction over Package Supply pursuant to LSA-R.S. 13:3201(A)(4) or 3201(A)(8).[4]
The Louisiana legislature has adopted Act 1987, No. 418, effective September 1, 1987 to amend LSA-R.S. 13:3201 and add Subsection B,[5] which changed the analysis process in determining whether a state court could assert personal jurisdiction over a nonresident:
In addition to the provisions of Subsection A, a court of this state may exercise personal *952 jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
Under this section, there is no longer a requirement that a state statute provide authority for the court to exercise personal jurisdiction over the nonresident in the particular litigation.
In Superior Supply v. Assoc. Pipe & Supply, 515 So.2d 790 (La.1987), the Louisiana Supreme Court explained the appropriate analysis to determine whether a state court's exercise of personal jurisdiction over a nonresident under the long-arm statute was valid:
The 1987 amendment was designed to insure that the long-arm jurisdiction of a Louisiana court extends to the limits allowed by due process. See Official Comment Acts 1987, No. 418. When constitutional requirements of due process have been met, there is no longer a need to inquire into whether the defendant's conduct falls within the reach of the long-arm statute. Now, under the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive. Furthermore, the enactment of a new long-arm statute or the amendment of an existing statute apply retroactively to provide jurisdiction over a nonresident whose conduct giving rise to the cause of action occurred prior to the effective date of the statute or amendment.
515 So.2d at 792 (La.1987) (citations omitted).
In the landmark United States Supreme Court decision of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the court held that jurisdiction may be asserted over a nonresident who has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.
The minimum contacts test requires that "the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Superior Supply Co. v. Assoc. Pipe & Supply Co., supra; J. Wilson Jones Co. v. Touche Ross & Co., 556 So.2d 67 (La.App. 4th Cir.1989) (emphasis added). The defendant's connection with the forum state must be such that the defendant should have reasonably anticipated being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
In the present case, there are virtually no contacts between Package Supply and the forum state. Package Supply was a South Carolina corporation with its principal place of business in South Carolina. Package Supply is a supplier of goods and not a manufacturer. Package Supply neither maintains an office or agent in this state nor has any sales personnel that visit or solicit business in this state. There was no evidence presented that Package Supply owned property or had assets in this state. Nor is there any evidence in the record to indicate that Package Supply had ever advertised by local Louisiana media.[6] Moreover, the particular sale/distribution to Oxford which is the subject of this litigation (and apparently all other sales to Oxford) was handled with the Oxford sales office in Georgia.[7]
Based on the above principles of law and the facts of this case, we conclude that Package Supply did not purposefully establish sufficient minimum contacts with Louisiana necessary to satisfy constitutional due process requirements and subject it to suit here.
*953 Accordingly, the trial court's judgment sustaining the exception of lack of personal jurisdiction and dismissing the action against Package Supply is affirmed.
AFFIRMED.
NOTES
[1] This drain cleaner is concentrated sulfuric acid.
[2] In their amending petition, plaintiffs alleged that they had learned during discovery that either Package or InMark, Inc. had distributed the cap in question to Oxford.
[3] The trial court rejected plaintiffs' contention that Package Supply was subject to the trial court's specific jurisdiction under LSA-R.S. 13:3201(A)(8). It found that Section 8 specifically applied to manufacturers, and not suppliers such as Package Supply. The trial court also found that even if Package Supply could foresee that a product it sold to Oxford would cause injury in Louisiana, foreseeability alone has never been a sufficient benchmark for the exercise of personal jurisdiction under the Due Process Clause of the United States Constitution. Finding that the plaintiffs failed to prove Package Supply had sufficient minimum contacts with Louisiana to warrant a finding of personal jurisdiction, the trial court sustained the defendant's exception and dismissed the action against Package Supply.
[4] The trial court also analyzed the facts of this case under LSA-R.S. 13:3201(A); however, it ultimately decided that an interpretation of Subsection B of the statute and de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La.1991) required that it sustain the exception of lack of jurisdiction.
[5] The cause of action in this case arose prior to the effective date of the amendment. However, the jurisprudence characterizes long-arm statutes as procedural and has held amendments to such statutes apply retroactively. See Petroleum Helicopters, Inc. v. Avco Corporation, 513 So.2d 1188 (La.1987); McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429 (La.1987).
[6] During her deposition, Paulette Grant, Regional Sales Manager for Package Supply, testified that Package Supply does advertise in packaging magazines and trade journals. (R. Vol. IV. pp. 453-55).
[7] See Grant's telephonic deposition. (R.Vol. IV. pp. 443-49).