United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 16, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30269
SUMMARY CALENDAR
_____

FIRMEN THOMAS; ET AL

                    Plaintiffs

FIRMEN THOMAS

                    Plaintiff - Appellant

                                        v.

JOHN KENNEDY; ET AL
                    Defendants

MARINA ASSOCIATES, erroneously sued as Harrah's Casino Atlantic City, doing business as Harrah's Casino Hotel Atlantic City by Harrah's Atlantic City, Inc.

                    Defendant - Appellee

_____

On Appeal from the United States District Court for the
Eastern District of Louisiana
(02-CV-3338-E)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

    In this appeal, we review the district court's decision to grant Defendant-Appellee's Rule

12(b)(6) Motion to Dismiss. For the following reasons, we affirm the district court's decision.

_____

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant, Firmen Thomas (hereinafter "Thomas"), alleges that during the month of September 1995, each of the seven casinos named as defendants reported to the United States Internal Revenue Service (hereinafter "IRS") that Plaintiffs had gambled at their casinos and earned winnings. In September 1997, Plaintiffs were contacted by the IRS and assessed taxes, interest, and penalties on the reported winnings in the amount of $200,742.00. Plaintiffs claim that they never gambled at any of the casinos, and that the incorrect reporting of winnings to the IRS caused them damages.

On September 13, 2002, Plaintiffs filed suit against Defendants in Louisiana State Court alleging negligence, intentional infliction of emotional distress, and negligent misrepresentation. The matter was removed to federal court by one of the defendant casinos, Caesar's World, Inc. Defendant-Appellant, Marina Associates (hereinafter "Marina"), filed a motion to dismiss asserting that the court lacks personal jurisdiction over it. The district court granted their motion and this appeal followed.

II.

STANDARD OF REVIEW

Whether in personam jurisdiction can be exercised over a nonresident defendant is a question of law subject to de novo review by this court. *Jackson v. FIE Corp.*, 302 F.3d 515, 521 (5th Cir 2002).

III.

PERSONAL JURISDICTION

Because Louisiana's Long-Arm Statute extends personal jurisdiction to the limits of due

process, this court need only determine whether subjecting Marina to suit in Louisiana would offend the Due Process Clause of the Fourteenth Amendment. LSA-R.S. §13:3201; *Fox v. Board of Supervisors of Louisiana State*, 576 So.2d 978, 983 (La. 1991). Personal jurisdiction may be asserted over a nonresident defendant only if that defendant has certain "minimum contacts" with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum. A state has specific jurisdiction over a defendant when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbis*, *S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8, 80 L.Ed.2d 404 (1984). A state has general jurisdiction over a defendant when the defendant has continuous and systematic contacts with the forum state. *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413 96 L.Ed. 485 (1952). In the context of general jurisdiction, "minimum contacts" means that the defendant has purposely availed himself of the privilege of conducting activities within the forum state and should reasonably anticipate being hailed into court in the forum state. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999); *Langley v. Oxford Chemicals, Inc.*, 634 So.2d 950 (La. App. 2 1994) citing *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Personal jurisdiction may be exercised over a defendant even when the suit does not arise out of the defendant's contacts with the forum state. *Helicopteros*, 466 U.S. at 415 n.9, 104 S.Ct. At 1872 n.9.

When a defendant alleges that the court does not have personal jurisdiction, a plaintiff need only make a prima facie showing of jurisdiction. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 785 (5th Cir. 1990). The allegations in the complaint are taken as true except as controverted

by the defendant's affidavit. *Id.* All conflicts are resolved in favor of the plaintiffs. *Id.*

Thomas concedes that his cause of action is unrelated to Marina's contacts with Louisiana. Thus, Marina is not subject to the court's specific jurisdiction. Thus, we need only address whether the court has general jurisdiction over Marina.

Marina provided the affidavit of Luther Anderson, Vice-President of Legal Affairs and Secretary of Harrah's Atlantic City, Inc., the general partner of Marina Associates. Mr. Anderson testified that: 1) Marina Associates is a New Jersey general partnership with its principal place of business in Atlantic City, New Jersey; 2) Marina is the owner of Harrah's Casino Hotel Atlantic City, which is located in Atlantic City, New Jersey; 3) Marina has never been licensed to conduct business in Louisiana; 4) Marina has never had any partners, employees or agents working or residing in Louisiana; 5) Marina has never had an office or agent for service of process in Louisiana; 6) Marina does not advertise or solicit business in Louisiana; and 7) Marina has no telephone number, business listing, or mailing address in Louisiana.

Thomas does not controvert Mr. Anderson's testimony regarding Marina's lack of contacts in Louisiana. Instead, Thomas relies on *Langley v. Oxford Chemicals, Inc.*, 634 So.2d 950 (La. App. 2 1994), to argue that Marina is subject to general jurisdiction in Louisiana due to its reckless accounting practices that caused injury to a Louisiana citizen. Thomas also argues that Marina purposely availed itself of the privilege of conducting business in Louisiana by falsely reporting gambling winnings to the IRS. Thomas alleges that Marina "erroneously and falsely claimed that the petitioners won some money at their casinos of which some tax liability was due."

Assuming Thomas's version of the facts is correct, Marina's contact with Louisiana is still coincidental. Thomas does not allege that Marina deliberately selected him, knowing that the

Thomas was Louisiana resident, in order to falsely report gambling winnings to the IRS. Marina did not "purposely avail itself of the privilege of conducting business" in Louisiana. Without continuous and systematic contacts with the State of Louisiana, Marina cannot be subject to jurisdiction in the district court.

IV.

REMAND ORDER

This court does not have jurisdiction to review the district court's order remanding the case to state court. The general rule is that orders granting remand "are not reviewable on appeal or otherwise." 28 U.S.C. §1447(d). A remand for lack of subject matter jurisdiction under 28 U.S.C. §1447(c) is barred from appellate review by 28 U.S.C. §1447(d). *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5ᵗʰ Cir. 2001). While there are exceptions to the general rule against appellate review, remands based on either 1) a timely-raised procedural error or 2) any jurisdictional error may not be reviewed. *Thermtron Products, Inc. v. Hermansdorfer*, 96 S.Ct. 584 (1976). As the district court's remand order is based on lack of subject matter jurisdiction, the order is not reviewable on appeal.

IV.

CONCLUSION

For the foregoing reasons the judgment of the district court granting Marina's Rule 12(b)(6) Motion to Dismiss is affirmed.