PRICE, Judge.
The issue presented is whether recognition should be given a Texas judgment against a Louisiana resident upon whom service of process was obtained under the Texas “Long Arm Statute.”
Perry Gear is the editor and publisher of the Ringgold Record, a weekly Louisiana newspaper. Coleman Advertising Service is a Texas company that sells an advertising feature known as “Everyone In Church.” Coleman prepares mats and proofs for the feature and engages sponsors for the program. Coleman sent an announcement of these services to Gear who returned an enclosed card of inquiry. Coleman visited Gear in his Ringgold office, and the parties entered a contract for Coleman’s services on August 1, 1973.
In 1974, Gear became dissatisfied with the contract and discontinued payments. Coleman filed suit against the publisher in the Ninety-fifth Judicial District Court in Dallas County, Texas. Service of process upon and jurisdiction over the non-resident defendant was predicated upon Title 42, Article 2031b, Sections 3 and 4 of Vernon's Annotated Texas Statutes (the Texas Long Arm Statute). These sections of the statute provide:
Section 3
Any foreign corporation, association, joint stock company, partnership, or nonresident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business in this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceeding arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or nonresident natural person is a party or is to be made a party.
Section 4
For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, joint stock company, association, partnership, or non-resident natural person shall be deemed doing business in this State by entering into a contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State.
Judgment by default was rendered against Gear in June, 1975. In 1976, Coleman filed suit in Bienville Parish to have the Texas judgment recognized and made executory. Gear excepted to the suit alleg *123 ing the Texas judgment is null for lack of jurisdiction in personam. The trial court sustained the exception and rejected plaintiff’s demands. Coleman appealed, contending the Texas judgment is entitled to full faith and credit and should be recognized and enforced by the Louisiana court. We affirm the judgment for the following reasons.
A valid state court judgment must be recognized by another state under the “Full Faith and Credit” clause of the United States Constitution. However, state courts may take cognizance of the forum state’s failure to obtain personal jurisdiction over the defendant and refuse to enforce such a judgment.
The United States Supreme Court modified the doctrine of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), to uphold personal jurisdiction over a non-resident under the following guidelines:
. due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’
The court subsequently held that a non-resident defendant must purposely engage in activities within the forum state whereby he receives benefits or protection from that state in order for the court of that state to obtain personal jurisdiction over him. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
The subject contract was negotiated and signed in Louisiana. Gear was never in Texas on any business relating to the advertising service.
Coleman contends there were minimum contacts with Texas because the mats and proofs were prepared in Dallas, the sponsorships were solicited from Texas, and payment of the contract was to be mailed to plaintiff in Texas.
We find these contacts insufficient to justify suit against Gear in Texas. In determining whether our “traditional notions of fair play and substantial justice” have been offended, the convenience of the parties to the forum state is important. The law has recognized that it is generally more convenient for interstate vendors, such as Coleman, to litigate in the vendee’s forum than force the vendee to the vendor’s state. See Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45 (La.1971).
It would be unjust to subject Gear to suit in Texas solely on the basis that he purchased a service from a Texas corporation who conducts a part of the service at its own domicile in Texas. Such a result would subject an interstate vendee to an unreasonable inconvenience and violates the due process requirements of the Fourteenth Amendment of the United States Constitution absent other contacts between the nonresident vendee and the forum state.
The judgment is affirmed. Costs are assessed to the appellant.