469 So.2d 1060 (1985)
COBB INDUSTRIES, INC., Plaintiff-Appellant,
v.
John HIGHT, Jr., Defendant-Appellee.
No. 16931-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
Rehearing Denied June 7, 1985.
*1062 Walter J. Woodman, Shreveport, for plaintiff-appellant.
Smitherman, Lunn, Chastain & Hill by W. Lake Hearne, Shreveport, for defendant-appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiff-appellant, Cobb Industries, Inc., (hereinafter referred to as "Cobb"), appeals from a judgment dismissing its suit to have a Texas court judgment made executory in this state. The lower court dismissed the action upon sustaining the defendant-appellee, John Hight, Jr.'s peremptory exception of no right of action. The lower court found the Texas court lacked personal jurisdiction over the defendant. Finding no error in the trial court's determination, we affirm.

FACTS
On April 10, 1984, Cobb filed a petition to make a Texas default judgment, from the Seventy-First Judicial District Court of Harrison County, Texas, executory. The judgment, dated November 9, 1983 was rendered against Pump-Jack Services, Inc., and John Hight, Jr., in the sum of $9,666 plus attorney's fees of $1400. The petition prayed that the judgment be made executory against John Hight, Jr. only, because Pump-Jack Services, Inc. had filed for bankruptcy and was under the protection of the bankruptcy laws.
The record reveals that Hight was served personally with the citation and a copy of the petition in the Texas suit by a Caddo Parish Deputy Sheriff on September 21, 1983. The suit alleged that Pump-Jack Services, Inc. and John Hight, Jr. bought merchandise from Cobb Industries, Inc. on open account and then refused to pay for the merchandise. The merchandise (beam weights) was ordered by phone, invoiced to Pump-Jack Services, and delivered by Cobb from its plant in Texas to Pump-Jack Services, Inc.'s place of business in Louisiana.
Neither Hight nor Pump-Jack Services, Inc. appeared or answered the suit and a default judgment was rendered against both. This suit now attempts to make that judgment executory in the state of Louisiana.
Upon being served with the citation and a copy of the petition to make the judgment executory, Hight filed an exception of no right of action contending the Texas court lacked personal jurisdiction over him. After a hearing on the merits, the trial court sustained the exception finding that Hight lacked sufficient minimum contacts with Texas to give the Texas court jurisdiction over him.
Hight lives in Caddo Parish and is an employee and major stockholder of Pump-Jack Services, Inc. The default judgment was rendered in Marshall, Texas, where Cobb's place of business is located, approximately 35 miles from Hight's residence in Louisiana. The lower court found that all of Hight's contacts with the state of Texas were made in his capacity as a representative of Pump-Jack Services, Inc. After hearing the conflicting testimony, the lower court found that those contacts consisted of one or two trips to Marshall (only one of which is fully supported by the record), which occurred after the filing of the original suit in an attempt to settle the matter; and approximately ten to fifteen phone calls from Louisiana to Texas to place the orders. The lower court also found that Hight made no personal guarantees to *1063 Cobb and his only contacts with Cobb were on behalf of the corporation. Based upon these findings, the lower court held that Hight had sustained his burden of proof of showing no minimum contacts with Texas, such as would subject him personally to the jurisdiction of the Texas court and sustained his exception of no right of action.
In a suit for recognition of a foreign judgment, the only proper consideration for this court is whether the foreign court had jurisdiction over the parties or the subject matter. Crichton v. Succession of Crichton, 232 So.2d 109 (La.App. 2d Cir.1970); Prairie Finance, Inc. v. Perry, 389 So.2d 1131 (La.App. 3d Cir.1980). Since Hight is a non-resident of Texas, for that court to exercise jurisdiction, due process requires that there be sufficient "minimum contacts" between Hight and Texas. The question before the court is whether Hight's actions in Louisiana, which clearly were taken while acting as a representative of Pump-Jack Services, Inc., were sufficient "minimum contacts" to allow a Texas court to acquire jurisdiction over Hight personally.
In order to answer the dispositive question in this case, we must identify at the outset the due process requirements established by the United States Supreme Court for acquiring jurisdiction in a foreign state over a non-resident. That court has, in a line of cases beginning with the International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 91 L.Ed. 95 (1945), formulated these due process standards which must be met in order to acquire such jurisdiction. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The test established under such standards requires sufficient "minimum contacts" of the non-resident with the forum state so as "not to offend `traditional notions' of fair play and substantial justice," Woodson, supra, while providing a "sufficient connection between the non-resident defendant and the forum state to make it fair to require defense of the action in the forum." Kulko, supra. This burden has been held to be satisfied when there has been some act [related to the cause of action] by which the "non-resident defendant purposely avails himself of the privilege of conducting activities within the forum state ..." Hanson v. Denckla, supra.
While it is clear from a consideration of the totality of the acts and transactions which occurred in Texas that Pump-Jack Services, Inc. was transacting business and contracted to obtain merchandise in that state, the question becomes did Hight have sufficient contacts with Texas such that he would have an expectation of being hailed into a Texas court? We do not believe that his contacts with Texas in connection with these transactions were such that it would not offend traditional notions of fair play and substantial justice for him to defend this suit in Texas.
In determining whether a particular exercise of state-court jurisdiction is consistent with due process, the inquiry must focus on "the relationship among the defendant, the forum and the litigation." Shaffer v. Heitner, supra. We do recognize that most courts have held that the commission of a single tortious act in a state is a sufficient contact upon which to base the assertion of in personam jurisdiction. However, the courts have distinguished between situations where the non-resident agent has come into the forum state and committed a tort, and where the non-resident agent has not entered the state in connection with the alleged cause of action.
It is settled that jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself. Idaho Potato Commission v. Washington Potato Commission, 410 F.Supp. *1064 171 (D.Idaho 1975); Columbia Briargate Company v. First National Bank, 713 F.2d 1052 (4th Cir.1983); Weller v. Cromwell Oil Co., 504 F.2d 927 (6th Cir.1974). However, jurisdiction over the corporation may also confer jurisdiction over the individual officers and employees where they are engaged in activities within the jurisdiction that would subject them to the coverage of the state's long-arm statute.
When dealing with corporate officers and employees ... in their individual capacity, a court must consider another factor: personal jurisdiction over corporate officers and employees in their individual capacity may not be predicated merely upon personal jurisdiction over the corporation itself; rather, a court must look to the individual and personal contacts, if any, of the officers and employees with the forum state. Dudley v. Smith, 504 F.2d 979, 982 (5th Cir.1974); Costin v. Olen, 449 F.2d 129, 131 (5th Cir.1971).

Canoy H. v. Redemption Ranch, Inc., 563 F.Supp. 505 (U.S.Dist.Ct.M.D. Ala., N.D., 1983).
In Columbia Briargate Co. v. First National Bank, supra, the court in discussing the Idaho Potato Commission v. Washington Potato Commission, supra, case, said:
It would deny amenability to jurisdiction over an agent whose activities occurred without the forum state, though those activities may have had an effect in the forum state. In so doing it recognized the difference between the amenability of the corporate employer and the corporate agent. It found that it was proper under the principles of "fair play" and "substantial justice" "to hold that a corporation which engages in activities having [foreseeable] ramifications beyond the state in which it is physically present may have sufficient connection [or `contacts'] with a distant forum where the ramifications are felt" but that "it is quite another matter to hold that an individual working for the same corporation, who has never been present in the distant forum with regard to a corporate transaction, [and has no reason to foresee responsibility in the forum state] has a similar connection [or `contacts'] with the distant forum." In essence, what the court in Idaho Potato held was that when the corporate agent has not committed a tort in the forum state his foreseeable "contacts" with that state are too tenuous to establish those "minimum contacts" essential for jurisdiction ...
We agree with the court in Columbia that this distinction is a reasonable one. In light of this, since any involvement which Hight had with Cobb Industries occurred outside of Texas, we find that the nexus between Hight as a corporate agent, and Texas is too tenuous to support jurisdiction over him personally. While, Hight's business activities caused Pump-Jack Services, Inc. to purposely avail itself of the laws of Texas, we do not think that Hight personally, purposely availed himself of Texas laws.
It is proper to hold that a corporation which engages in activity having ramifications beyond the state in which it is physically present may have sufficient connection with a distant forum where the ramifications are felt. Yet, it is quite another matter to hold that an individual working for that same corporation, who has never been present in the distant forum with regard to a corporate transaction, has a similar connection with the distant forum.
 Idaho Potato Com'n v. Washington
 Potato Com'n., supra.
Also, the law has recognized that it is generally more convenient for interstate vendors, such as Cobb, to litigate in the vendee's forum than force the vendee to the vendor's state. Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 251 So.2d 45 (La.1971); Coleman v. Gear, 344 So.2d 121 (La.App. 2d Cir.1977). Indeed, interstate sellers can more easily travel, usually, to foreign jurisdictions than can the interstate buyer to litigate upon the contract. Sellers accept this as a risk of interstate business. In Coleman v. Gear, *1065 supra, this court refused to recognize a Texas default judgment for lack of jurisdiction over the defendant. We held that despite the fact that much of the plaintiffs performance of a contract for goods and services took place in Texas and defendant mailed payments to Texas, because the defendant was never in Texas on any business relating to the contract there were not sufficient minimum contacts to allow the Texas courts to exert jurisdiction over the defendant. See also Fryar v. Westside Habilitation Center, 465 So.2d 196 (La.App. 3d Cir.1985).
We do not feel that the quantity, quality or nature of Hight's contacts with Texas make it fair and reasonable to subject him to suit in Texas based on the facts of this record. Such a result would subject the representative of an interstate corporate vendee to an unreasonable inconvenience and violates the due process requirements of the Fourteenth Amendment to the United States Constitution absent other contacts between the non resident corporate representative and the forum state. Accordingly, we affirm the trial court's sustaining of the exception of no right of action based on lack of personal jurisdiction over the defendant by the Texas court.
The judgment is affirmed. Costs are assessed to the appellant.