MARVIN, Judge.
In this action for a real estate commission, Gillespie appeals the judgment of the trial court sustaining co-defendant Richard Pratt’s exception of lack of personal jurisdiction, and dismissing the action as to Pratt. We reverse.
Gillespie, a resident of Arkansas, sued defendants Bynum, a resident of Louisiana, and Pratt, a resident of Arkansas, in Oua-chita Parish. Gillespie alleged that he en *629 tered into a verbal agreement with the defendants to undertake the possible sale of a 5,600 acre farm in Ouachita and Caldwell parishes, and that defendants agreed to pay a real estate commission of whatever sum he could receive as a purchase price for the land in excess of $1,200 per acre.
Gillespie alleged that he obtained from two individuals their written agreement to buy the property for $1,250 per acre and that he tendered to defendants a deposit or check from the purchasers in the amount of $300,000. Gillespie asserts that the defendants refused to sell the property to these purchasers and that defendants are liable to him for the full amount of his agreed-upon $50 per acre brokerage fee.
The 5,600-acre farm was owned by South LaFourche Plantation Incorporated. The corporation’s assets consisted solely of the farm and improvements. Pratt and Bynum each owned 50 percent of the corporate stock. Pratt was served by registered mail under the Louisiana long-arm statute, LRS 13:3201, et seq. Pratt’s exception of lack of jurisdiction over his person asserts that he was an Arkansas domiciliary and had no contacts with Louisiana sufficient to confer personal jurisdiction upon a Louisiana court.
The record shows that Pratt made a verbal listing agreement with Gillespie in Arkansas concerning the sale of the corporate property located in Louisiana. Pratt stated that this verbal agreement was not unusual and was something he had done before to sell farm land. Pratt told Gillespie he wanted to “sell his interest” in the farm and to “try and get the farm sold.” Pratt acknowledged that he wanted $1,200 per acre for the land and that he told Gillespie whatever he could get above that would be his commission. Pratt conceded that he did not have authority to act for the corporation, or to act for Bynum with respect to the corporation’s property. Pratt said he told Gillespie from the start that Bynum might be a “problem” and that Bynum might not agree to sell his “half interest.”
Gillespie made several trips to Louisiana to show the property to prospective buyers before he obtained the written agreement of the two individuals who agreed to buy the entire tract of land for $1,250 an acre. Gillespie presented this offer to Pratt in Arkansas along with the deposit check of $300,000. Pratt, admittedly anxious to sell, took the purchase contract and check to Monroe, where he met Bynum, attempting to persuade him to accept the offer. By-num told Pratt at this meeting that he did not want to sell his interest in the property but that if Pratt could work out a deal to sell his “half” of the property, that would be fine with him. The purchasers, however, wanted to buy the whole farm. Pratt and Bynum then divided the farm through corporate liquidation proceedings. Gillespie’s action followed.
The only issue presented is whether Louisiana lacks jurisdiction over Pratt.
The long-arm statute, LRS 13:3201, et seq., extends personal jurisdiction of Louisiana courts over non-residents to the full limits of due process. Burstein v. State Bar of California, 693 F.2d 511 (5th Cir.1982); American Bank and Trust Co. v. Sunbelt Environmental, 451 So.2d 1111 (La.App. 1st Cir.1984). Section 13:3201 was enacted to allow the broadest exercise of personal jurisdiction permissible under the Fourteenth Amendment. This interpretation is in accord with legislative intent and conforms to the national trend in favor of ever-expanding jurisdictional limits. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977).
Due process requires that the non-resident have sufficient “minimum contacts” with the forum state so as not to offend “traditional notions of fair play and substantial justice” and that a “sufficient connection” be shown between the non-resident defendant and the forum state to make it fair to require that the non-resident defend the action in the forum state. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *630 McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
This burden has been held to be satisfied when the non-resident performs some act by which he “purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.” Hanson v. Denckla, supra. An individual is not subject to the jurisdiction of a forum in which he has established no “contacts, ties or relations.” International Shoe Company v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95, 104 (1945). Physical entry into the forum state, however, is not essential. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
Jurisdiction over individual officers and employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself. Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902 (1st Cir.1980); Weller v. Cromwell Oil Co., 504 F.2d 927 (6th Cir.1974). When considering long-arm jurisdiction over corporate officers and employees in their individual capacity, the court must look to the individual and personal contacts, if any, of the officers and employees within the forum state. Cobb Industries, Inc. v. Hight, 469 So.2d 1060 (La.App.2d Cir.1985); Candy H. v. Redemption Ranch, Inc., 563 F.Supp. 505 (U.S.Dist.Ct.M.D.Ala.N.D., 1983).
Whether or not a particular defendant has sufficient minimum contacts within the forum state is determined by the circumstances of each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973).
Pratt individually constituted Gillespie as his agent to find a buyer for the farm or for Pratt’s “interest.” Pratt said that the question of whether Gillespie was working for him or for the corporation did not come up when he made the verbal listing agreement and did not matter.
We need not decide whether this verbal “agency” for the sale of an immovable is binding under Louisiana law at this juncture. See Pace v. McManus, 463 So.2d 85 (La.App. 3d Cir.1985). The “agency” is relevant at this juncture, nonetheless, for jurisdictional purposes under LRS 13:3201. Under § 3201, Louisiana may exercise jurisdiction over a nonresident “who acts directly or by an agent ” as to a cause of action arising from the nonresident’s transacting any business in this state.
Through Gillespie, Pratt transacted business in Louisiana. The evidence shows that Gillespie actively sought a purchaser for all or a part of the farm and made several trips to Louisiana. Pratt visited with Bynum in Louisiana about the offer to purchase. These circumstances establish the minimum contacts that are required under due process standards.
These minimum contacts, however, must be balanced with other factors, such as the burden on the defendant, the forum state’s interest, the plaintiff’s interest, the system’s interest in obtaining the most efficient resolution of controversies, and the furtherance of fundamental substantive social policies. World Wide Volkswagen v. Woodson, supra; Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985).
Louisiana certainly has an interest in the outcome of the litigation about the sale of a Louisiana farm. In addition, the plaintiff has a practical and economic interest in litigating this matter against both defendants in one lawsuit. A Louisiana forum would be an efficient forum. One of the two defendants resides in Ouachita Parish. Both defendants were the sole shareholders in a Louisiana corporation which owned the property. Pratt does not contend that it would unduly burden him to defend the action in Ouachita Parish.
We conclude, therefore, under the circumstances, that the non-resident Pratt sufficiently invoked the benefit and protection of Louisiana laws so as to make it fair to require him to defend himself in a Louisiana court. The exercise of jurisdiction over Pratt is reasonable, does not offend fair play, and affords substantial justice to the parties. See Fryar v. Westside Habilitation Center, supra.
*631 Accordingly, we reverse the judgment of the trial court sustaining the exception to personal jurisdiction, at the cost of appel-lees, and remand for further proceedings.