762 So.2d 161 (2000)
Keith POUNDS, Michelle Pounds, Harry Gregg & Mary Ann Gregg
v.
FLORIDA POWER & LIGHT COMPANY, Malette Kraft Pulp & Power, PCA Solutions, Inc., Physicians Corporation of America, Louisiana United Businesses Association, and Louisiana United Businesses Self Insurers Fund.
No. 99 CA 1091.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Writ Denied September 22, 2000.
*162 Richard Ducote, New Orleans, for Appellants/ Plaintiffs Keith Pounds, Michelle Pounds, Harry Gregg and Mary Ann Gregg.
Eugene G. Taggart, New Orleans, for Appellee/Defendant Florida Power & Light Company.
David Bienvenu, New Orleans, for Malette Kraft.
Richard A. Curry, Baton Rouge, for PCA Solutions.
Thomas M. Ruli, Metairie, for LA. United Businesses.
BEFORE: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, Judge.
This appeal challenges the dismissal of a tort suit filed against two nonresident defendants for lack of personal jurisdiction. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Keith Pounds, Harry Gregg and their spouses, all Louisiana residents, filed this lawsuit in the 22nd Judicial District Court for the Parish of Washington, seeking to recover damages against two nonresident defendants, Florida Power & Light Company (FP & L) and Malette Kraft Pulp & Power, Inc. Keith Pounds and Harry Gregg were employees of Hydrodynamics, a facility located in Bogalusa, Louisiana, which manufactured electromagnetic units designed to remove contaminants from liquids in industrial plants. Plaintiffs alleged that on January 14, 1997, while in the course and scope of their employment with Hydrodynamics, Mr. Pounds and Mr. Gregg suffered severe and permanent brain damage when they were exposed to toxic fumes produced while they were cutting open two magnetohydrodynamic (MHD) units manufactured by Hydrodynamics.
Plaintiffs alleged that FP & L and Malette sent the two MHD units to Hydrodynamics' Bogalusa shop. They averred that the units sent by FP & L and Malette contained toxic substances and chemicals which produced the toxic fumes responsible for their injuries, and alleged that these defendants were negligent for failing to provide any disclosure or warning of the materials contained therein when returning the products to Hydrodynamics. Plaintiffs also sued other defendants on workers' compensation claims, which were settled.
FP & L and Malette filed declinatory exceptions of lack of personal jurisdiction and insufficiency of service of process. In support of its exception, FP & L attached the affidavit of its Director of System Planning, who attested that FP & L is a Florida corporation which is in the business of generating and selling electricity in the State of Florida. FP & L is not licensed to do business in the State of Louisiana; it has no officers, employees or agents in Louisiana. The affidavit also states that FP & L has no purchase orders or contracts with either Malette or Hydrodynamics and it has no MHD units.
In support of its exception, Malette attached the affidavit of one of its vice presidents who attested that Malette is an Ontario corporation whose principal place of business and all of its offices are located in *163 Canada. He averred that Malette does not have any employees, representatives, property, offices, bank accounts, loans or assets of any kind in Louisiana, nor has it ever advertised, manufactured, sold, installed or directly placed any products of any kind into the stream of commerce of the State of Louisiana. He further attested that Malette purchased three MHD devices from Noro Enterprises, a Canadian company. Malette's only communication with the manufacturer of the units was a fax it received from Hydrodynamics regarding the return of one of the MHD units. Malette, through its representative, admitted that it purchased a pulp machine from a Louisiana pulp mill in the late 1980s and that two of its employees attended a conference in Louisiana in April of 1998.
At the hearing on the exceptions of personal jurisdiction, it was revealed that Malette is a division of Malette, Inc., a Canadian corporation. Although she had no records in her possession, a former Hydrodynamics employee, Tammy Robertson, testified she recalled a MHD unit being sent to FP & L by Hydrodynamics, although she could not state whether it was a purchase of a unit or the unit was sent on a trial basis. She attested that the unit was returned to the Hydrodynamics facility by FP & L.
The trial court found that there were insufficient minimum contacts between the foreign companies and the State of Louisiana to support the exercise of personal jurisdiction over those defendants by the court, and sustained the exceptions, thereby dismissing the plaintiffs' lawsuit. This appeal, taken by plaintiffs, followed.

DISCUSSION
In reviewing a ruling on an exception of lack of personal jurisdiction over a nonresident defendant by a Louisiana court, this court conducts a de novo review of the legal issue of personal jurisdiction. Griffith v. French, 97-2635, p. 3 (La.App. 1 Cir. 12/28/98), 723 So.2d 1140, 1142, writ denied, 99-0220 (La.3/19/99), 740 So.2d 116. La. R.S. 13:3201 provides the statutory basis for the assertion of jurisdiction over a nonresident defendant. The basis relied on by plaintiffs provides for the exercise of personal jurisdiction over a defendant "transacting any business in this state." La. R.S. 13:3201 A(1).
The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the power of a state court to assert in personam jurisdiction over a nonresident defendant. To subject a nonresident defendant to personal jurisdiction, due process requires that the defendant have certain "minimum contacts" with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Griffith v. French, 97-2635 at p. 3, 723 So.2d at 1142-1143. The party claiming jurisdiction is proper bears the burden of showing the existence of minimum contacts with the forum state. deReyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 107 (La.1991).
Courts have recognized a distinction between two types of jurisdiction, general and specific. A state exercises general jurisdiction when the defendant's contacts are not related to the lawsuit. Specific jurisdiction, on the other hand, is exercised when the suit arises out of or is related to the defendant's contacts in the forum. The two-part "minimum contact"/fairness analysis applies to the assertion of specific as well as general jurisdiction. deReyes v. Marine Management and Consulting, Ltd., 586 So.2d at 109.
The "minimum contacts" test requires that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958). The *164 defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2183, 2184, 85 L.Ed.2d 528 (1985). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of a random, fortituious or attenuated contact, or by the unilateral activity of another party or a third person. deReyes v. Marine Management and Consulting, Ltd., 586 So.2d at 106.
Plaintiffs do not allege general jurisdiction, but instead urge that a Louisiana court has specific jurisdiction over FP & L and Malette. They argue that the single act of shipping the MHD units to Louisiana is a sufficient minimum contact to establish personal jurisdiction over the defendants because the cause of action arises directly out of that shipping activity.
We disagree. Although a single act may serve as the basis for asserting jurisdiction, it must create a substantial connection with the forum. Single or occasional acts, where the quality and circumstances of their commission creates only an attenuated affiliation with the forum, are not sufficient to establish personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. at 476, 105 S .Ct. at 2184.
Where the nonresident defendant is a purchaser, rather than a seller of products, the purposeful availment requirement is particularly difficult to find. See Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 (8th Cir. 1995). It is undisputed that Malette purchased the product from a Canadian corporation. Plaintiffs do not claim their evidence established that FP & L purchased the product from the Louisiana manufacturer. The only contact urged with Louisiana is the shipping of the products back to the Louisiana manufacturer for repair.[1]
We find the relied upon contact is not a deliberate, substantial connection with this state. The nonresident purchasers were not attempting to solicit or transact business in this state. Rather, their only connection to Louisiana arises from the fact that the manufacturer responsible for repairing the faulty products was located here. We conclude that the shipping of the units to Louisiana for repair by nonresident purchasers under the circumstances of this case is nothing more than a random, fortuitous and attenuated contact with Louisiana. See Breshears v. Florida Power Corporation, 98-0114, 1998 WL 419721 (E.D.La.7/21/98) (wherein a federal district court asked to exercise diversity jurisdiction in a suit brought against FP & L and Malette by different plaintiffs arising out of the accident at the Hydrodynamics facility forming the basis for the instant lawsuit ruled that Louisiana did not have personal jurisdiction over either defendant. With respect to FP & L, the court found that the plaintiffs failed to connect FP & L to the MHD unit that caused the plaintiffs' injury. As to Malette, the court concluded that it was a passive actor whose decision to send the product to Louisiana for repair was dictated by the Louisiana manufacturer, finding that the "purposeful availment" requirement of minimum contacts was not met).
Accordingly, we conclude that plaintiffs failed to prove that FP & L or Malette purposefully availed themselves of the benefits and laws of Louisiana so as to establish minimum contacts necessary to satisfy due process. Therefore, a Louisiana court may not constitutionally assert personal jurisdiction over these defendants.

CONCLUSION
Based on the foregoing, we find that the trial court correctly granted defendants' exceptions raising the objection of lack of *165 personal jurisdiction. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] We assume solely for the purpose of the exception, but do not decide, that FP & L did send a MHD unit to the Bogalusa plant for repair.