807 So.2d 283 (2001)
Patsy Ann BYERS and her Husband Lonnie Wayne Byers, Individually and as Natural Tutor for Jacob Eugene Byers, Joshua Noah Byers and Ladonna Marie Byers
v.
Sarah EDMONDSON, Benjamin Darrus, James E. Edmondson, Suzanne Edmondson, USAA Casualty Company, United Services Automobile Association, USAA General Indemnity Company, Warner Home Video, Inc., Warner Brothers, Inc., Time Warner Entertainment Company, Time Warner, Inc., Regency Enterprises, Alcor Films, J.D. Productions and Oliver Stone.
No. 2000 CA 1985.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
Writ Denied February 8, 2002.
*284 Rick A. Caballero, Randolph A. Piedrahita, Baton Rouge, LA, Joseph Simpson, Amite, LA, Ron Macaluso, Hammond, LA, Attorneys for Plaintiffs/Appellants, Patsy Ann Byers, et al.
Timothy G. Schafer, New Orleans, LA, Attorney for Defendants/Appellees, James E. and Suzanne Edmondson.
Before CARTER, C.J., GONZALES, and CLAIBORNE,[1] JJ.
CARTER, Chief Judge.
This is an appeal of a trial court judgment dismissing two nonresident defendants *285 from a tort suit because of lack of personal jurisdiction.

FACTS
On March 8, 1995, Sarah Edmondson shot Patsy Byers during a robbery of a convenience store in Ponchatoula, Louisiana. Sarah Edmondson was eventually arrested for the shooting in June 1995. After her arrest, it was discovered that Sarah Edmondson had obtained the gun she used to shoot Mrs. Byers from her parent's cabin in Oklahoma. At the time of the shooting, Sarah Edmondson was an adult.
A lawsuit was filed by Patsy Byers[2], and her husband, Lonnie Wayne Byers, individually and behalf of their minor children, Jacob Eugene Byers, Joshua Noah Byers and their adult daughter, Ladonna Marie Byers (collectively referred to as the Byers family). Included among the numerous defendants in the lawsuit[3] were Sarah Edmondson's parents, James and Suzanne Edmondson, and their liability insurers, USAA Casualty Insurance Company, United Services Automobile Association, and USAA General Indemnity Company (collectively referred to as USAA). The cause of action against James and Suzanne Edmondson was based on the allegation that they allowed their daughter and her accomplice, Benjamin Darrus, access to their weapon despite knowing their daughter's recklessness and potential for danger.
The Byers contend that James and Suzanne Edmondson, and their liability insurer are subject to jurisdiction in Louisiana state courts under the Louisiana "long-arm" statute, LSA-R.S. 13:3201. James and Suzanne Edmondson and USAA filed declinatory exceptions raising the objection of lack of personal jurisdiction and insufficient service of process. Although USAA withdrew its exception, the Edmondsons deny the existence of minimum contacts sufficient to sustain personal jurisdiction over them in a Louisiana court.
The Byers family opposed the exception of lack of personal jurisdiction. Following a contradictory hearing and after considering excerpts of James Edmondson's deposition and answers to discovery propounded by the Byers family, the trial court found there were insufficient minimum contacts between James and Suzanne Edmondson and the State of Louisiana to support the exercise of personal jurisdiction over these particular defendants. The trial court sustained the exception of lack of personal jurisdiction and dismissed James and Suzanne Edmondson from the Byers' lawsuit. The Byers family appeals the judgment of the trial court.

DISCUSSION
In reviewing a ruling on a declinatory exception raising the objection of lack of personal jurisdiction over a nonresident defendant by a Louisiana court, this court conducts a de novo review of the legal issue of personal jurisdiction. Pounds v. Florida Power & Light Co., 99-1091, p. 3 (La.App. 1st Cir.5/12/00), 762 So.2d 161, 163, writ denied, XXXX-XXXX (La.9/22/00), 768 So.2d 604. LSA-R.S. 13:3201 provides the statutory basis for the assertion of *286 jurisdiction over a nonresident defendant. LSA-R.S. 13:3201A(4) provides:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
* * * * *
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
Also included within the long-arm statute is the catch-all provision under LSA-R.S: 13:3201B, that provides for the exercise of personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the power of a state court to assert in personam jurisdiction over a nonresident defendant. In order to subject a nonresident defendant to personal jurisdiction, due process requires that the defendant have certain "minimum contacts" with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).
There is a recognized distinction between two types of jurisdiction, general and specific. General jurisdiction is when the defendant's contacts are not related to the lawsuit. Specific jurisdiction is exercised when the suit arises out of or is related to the defendant's contacts in the forum. In each instance, courts apply the two-part minimum contacts/fairness analysis to the assertion of jurisdiction. Pounds, 762 So.2d at 163.
The "minimum contacts" test requires that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
However, for a state to exercise general jurisdiction over a nonresident, the contacts with the state must be more frequent and more substantial than for specific jurisdiction. These contacts must be continuous, systematic, and substantial. See de Reyes, 586 So.2d at 111. Single or occasional acts, where the quality and circumstances of their commission creates only attenuated affiliation with the forum, are not sufficient to establish personal jurisdiction. Rather, the defendant's conduct with the forum state must be such that he should reasonably anticipate being haled into court there. Burger King v. Rudzewicz, 471 U.S. 462, 475 n. 18, 105 S.Ct. 2174, 2184 n. 18, 85 L.Ed.2d 528 (1985).
In the present case, the Byers family contends that James and Suzanne Edmondson are subject to general jurisdiction by a Louisiana state court. They allege that James and Suzanne Edmondson allowed their daughter access to a loaded weapon despite their knowledge *287 of her recklessness and her potential danger. The Byers family argues that the Edmondsons' actions of visiting Louisiana both for vacation purposes and visits and contact by telephone with their incarcerated daughter provide the requisite minimum contacts to establish personal jurisdiction over them. We disagree.
James and Suzanne Edmondson are residents of Muskogee, Oklahoma. They do not own or lease any property or property interest in Louisiana. Neither James nor Suzanne Edmondson owns any business that sells goods that are made or used in Louisiana. At no time has James or Suzanne Edmondson ever employed anyone on their behalf in Louisiana.
In the ten years prior to their daughter's arrest, the Edmondsons made approximately 3-4 vacation trips to Destin, Florida that involved spending a night in a New Orleans hotel along the way. During these brief stays, the Edmondsons participated in limited tourist activities including dining in restaurants and walking around the city. James Edmondson, who has been an Oklahoma state judge since 1983, has not attended any professional conferences, conventions, or seminars in Louisiana at any point in his legal career, nor has he ever been involved in any matter that required him to have dealings with Louisiana lawyers, witnesses, or investigators.
Since their daughter's arrest in June 1995, and prior to the filing of suit in this matter in March 1996, the Edmondsons traveled approximately three times to Louisiana to visit their daughter in the Tangipahoa Parish Prison in Amite. They also met once with her criminal defense attorney at his office in Baton Rouge. Neither James nor Suzanne Edmondson provided funds for their daughter's criminal defense. According to James Edmondson, there were also numerous phone calls to his daughter and her defense attorney.
During this time period, the Edmondsons gave approximately five interviews to journalists regarding their daughter's actions surrounding the shooting of Patsy Byers. None of these interviews were initiated by James or Suzanne Edmondson and usually involved a telephone call from the journalist. Only one of the interviews was given to a Louisiana reporter who worked for the Hammond Daily Star. The remainder of the interviews involved newspapers published outside of Louisiana.
Such evidence does not lead this court to conclude that the Edmondsons' contacts with the state were continuous, systematic, and substantial. Rather, their contacts with this forum were sporadic and brief tourist episodes. Moreover, the visits, phone calls, and interviews of James and Suzanne Edmondson relating to their incarcerated daughter are also too attenuated for the Edmondsons to be considered purposely availing themselves of the privilege of conducting activities with the state of Louisiana. Given such sporadic contact with this forum, we find there is no basis for James and Suzanne Edmondson to believe they could be haled into court here.

CONCLUSION
After our review of the record, we find the Byers family failed to prove that James and Suzanne Edmondson's contacts with this state were of a continuous, systematic, and substantial nature that would satisfy the minimum contacts requirement of due process. Accordingly, we need not address the fairness component of exercising personal jurisdiction over James and Suzanne Edmondson. The judgment of the trial court sustaining the declinatory exception raising the objection of lack of personal jurisdiction filed by James and *288 Suzanne Edmondson is affirmed and all costs of the appeal are assessed to the Byers family.
AFFIRMED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Patsy Byers died on November 19, 1997.
[3] Other named defendants were Sarah Edmondson, Benjamin Darrus, Warner Home Video, Inc., Warner Brothers, Inc., Time Warner Entertainment Company, L.P., Time Warner, Inc., Regency Enterprises, Alcor Films, J.D. Productions, and Oliver Stone. The issue presented in this appeal only concerns James and Suzanne Edmondson.